UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JACOBY JAWANN FOSTER** | **CIVIL ACTION NO. 14-930-P** |
| **VERSUS** | **JUDGE HICKS** |
| **UNKNOWN OFFICERS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jacoby Jawann Foster ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was received and filed in this court on May 1, 2014. Petitioner, a pretrial detainee, is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana. He challenges his current detention. Petitioner names Unknown Officers as respondents.

In support of this petition, Petitioner alleges (1) his arrest was not valid, (2) his due process and equal protection rights were violated, and (3) the arresting officers did not have probable cause to believe the charged offense had occurred.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed for failure to exhaust state court remedies.

**LAW AND ANALYSIS**

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial habeas relief is not a tool which can be used to derail or interfere with a state's criminal process. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this court is not authorized to interfere with state trial court proceedings. Braden, supra.

Petitioner has failed to provide documentation that he has exhausted available state

remedies prior to filing his petition in this court. This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 27th day of February 2015.

Mark L. Hornsby
U.S. Magistrate Judge